IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK SANCHEZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:12CV615-RAS-DDB |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about January 24, 2008, Plaintiff Frank Sanchez and his spouse executed a Deed of Trust and Promissory Note to the original lender, CTX Mortgage Company, to purchase real estate located at 16312 White Rock Boulevard, Prosper, TX 75078 ("the Property"). *See* Dkt. 4 at ¶5. Defendant alleges Plaintiff breached the terms of the Note by failing to timely make his required monthly mortgage payments, and as a result, Defendant accelerated the full amount due and seeks to foreclose on the Property.

On August 29, 2012, Plaintiff filed his original complaint in the 362nd Judicial District Court in Denton County, Texas. *See* Dkt. 4. On September 28, 2012, Defendant removed the state court action to this Court. *See* Dkt. 1.

Plaintiff's original state court petition – which has not been amended since removal – is a suit to quiet title and also seeks a declaratory relief and injunctive relief. *See* Dkt. 4.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. *See* Dkt. 5. Defendant contends Plaintiff lacks standing to contest the assignment of the loan and that Plaintiff fails to state a claim for suit to quiet title. *Id.* Specifically, Defendant claims it is not required to prove its authority to foreclose. *Id.* Additionally, Defendant argues that Plaintiff fails to state claims for declaratory and injunctive relief because Plaintiff fails to allege any facts supporting such relief. *Id.*

Plaintiff has filed a response in opposition alleging that Defendant has failed to establish its authority to foreclose on the Property. *See* Dkt. 8. Defendant has filed a reply arguing that Plaintiff improperly attempts to shift the burden of proof and that Plaintiff still lacks standing to contest the assignment of the loan. *See* Dkt. 9.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary

support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In this suit, Plaintiff has sued Bank of America, N.A. after Bank of America, N.A. apparently scheduled the home for foreclosure sale in September 2012. According to Plaintiff's complaint, it is "undisputed that Bank of America is not the mortgagee nor is it the mortgage servicer." Dkt. 4 at ¶6. In his response to the motion to dismiss, however, Plaintiff's allegations change slightly to claim that "Defendant was not the *original* mortgagee or mortgage servicer, but by attempting to foreclose on the subject property, it has represented to the Plaintiff and this Court that it has a valid

servicing agreement with the mortgagee of Plaintiff's loan and authority to enforce a claim/security interest in the property." Dkt. 8 at ¶1 (emphasis added). In his response to the motion to dismiss, Plaintiff argues that he "fears that Defendant is attempting to take his house without proper authority" and asks that Defendant be required to produce "documentation" proving its authority. Dkt. 8 at ¶1

Although Defendant's motion to dismiss is rather carelessly drafted[1] and although the motion itself is silent as to whether Defendant is a mortgage holder or servicer, in its Original Counterclaim against Plaintiff, Defendant specifically avers that it is "the current legal holder of the Note, has the right to enforce the Note by foreclosing the Property." Dkt. 15 at ¶10. Plaintiff has not answered the counterclaim or denied any of the allegations therein.

That Defendant holds the Note is enough. *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012) ("Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it."). Defendant need not produce the Note in order to initiate non-judicial foreclosure. *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 1777487, 2 (5th Cir. 2013) (Texas "foreclosure statutes simply do not require possession or production of the original note") (citing *Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, *2 (W.D. Tex. 2011)). Nor is Plaintiff's contention that Defendant was not the original holder sufficient to state a justiciable claim. *See Val-Com Acquisitions Trust v. SunTrust Mortg. Co.*, 434 Fed. Appx. 391, 392, (5th Cir. 2011) (allegation that defendant was not the *original* lender on the note and deed of trust is

---

[1]Indeed, Defendant's motion references parties and pleadings not a part of the case. *See* Dkt. 5 at page 3.

4

insufficient to state an actual controversy challenging non-judicial foreclosure); *Val-Com Acquisitions Trust v. Chase Home Finance, L.L.C.*, 434 Fed. Appx. 395, 396 (5th Cir. 2011) (same). As to Plaintiff's recent claim that Defendant is a party to an apparent servicing agreement, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE ANN. § 51.0025. None of Plaintiff's stated facts support a claim. And Plaintiff has not cited to "the applicable legal authority" which he alleges holds that a claim of a valid and enforceable lien on Plaintiff's Property "must be established through the production of evidence by the party asserting same." Dkt. 4 at ¶6. And, based on the facts alleged, the Court is aware of none that would be applicable here.

To the extent Plaintiff seeks to challenge the validity of any assignment to Defendant, courts in this Circuit have routinely rejected borrowers' challenges to the assignment of a note or deed of trust. *See Martins v. BAC Home Loans Serv., L.P.*, 2013 WL 1777487, 2 (5th Cir. 2013); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Specifically as to challenges of assignments from MERS to which the borrower was a non-party, courts have consistently held that a borrower does not have standing. *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at

*5 (N.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011); *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

Moreover, no facts are alleged in Plaintiff's complaint that Plaintiff is current on his loan payments and not in default such that Plaintiff would have an interest in the Property *superior* to any lienholder seeking to foreclose. "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). In order to succeed on his quiet title action, Plaintiff must show that: (1) he has an interest in the Property, (2) title to the Property is affected by a claim by Defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *4 (N.D. Tex. 2012) (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.) (citations omitted). Texas courts have made a plaintiff's burden in a suit to quiet title very clear:

> In a suit to remove a cloud from his title, ***the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief.*** That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) (internal citations omitted) (internal citations omitted). Here, Plaintiff's attack on Defendant's authority – rather than an assertion of his superiority – is fatal to his quiet title action. *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 9 (S.D. Tex. 2013) ("The gravamen of his argument that Wells Fargo

6

lacks authority to enforce the Note and foreclose on the property is not relevant to nor does it support a claim to quiet title.").

Plaintiff's allegation of "superior right, title, and ownership," Dkt. 4 at ¶6, does not go beyond "labels and conclusions," such that it raises "a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. Without specifying how he has superior title, Plaintiff has stated insufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. As such, his quiet title action should be dismissed. *See, e.g., Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012);[2] *Summers v. PennyMac Corp.*, 2012 WL 5944943, 3 (N.D. Tex. 2012).[3] Without any factual distinctions by Plaintiff, the Court declines to find that Plaintiff can state a claim to quiet title.

Because Plaintiff has failed to state any facts entitling him to any relief, he is not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597,

---

[2]The court in *Cruz* made a similar finding. "Plaintiffs, however, do not allege that they were current on their mortgage loan payments at the time of the nonjudicial foreclosure sale of the property in July 2011. Moreover, Plaintiffs' contention that the assignment to CitiMortgage is invalid is based on standing and a split-the-note theories already rejected by the court. Thus, Plaintiffs have not alleged facts, which if proven, would establish their superior title or the alleged invalidity of CitiMortgage's title. Plaintiffs have therefore failed to state a claim for trespass to try and quiet title upon which relief can be granted." *Cruz*, 2012 WL 1836095 at 4.

[3]In *Summers*, the court held, "Plaintiffs, however, do not allege facts which, if proved, would establish their superior title; nor do they allege that they are current on their mortgage payments. Instead, they challenge PennyMac's title by arguing that PennyMac lacks authority to enforce the Note at issue and foreclose on the property. Plaintiffs' quiet title claim therefore fails as a matter of law, and PennyMac is entitled to dismissal of this claim." *Summers*, 2012 WL 5944943 at 3.

600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits."). Plaintiff's claims should be dismissed in their entirety.

### RECOMMENDATION

Therefore, Defendant Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 5) should be GRANTED, and Plaintiff's claims should be dismissed for failure to state a claim. Defendant's counterclaim remains before the Court at this time, until further Order of or Notice to the Court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE