IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK SANCHEZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:12CV615-RAS-DDB |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant/Counter-Plaintiff/Third-Party Plaintiff Bank of America, N.A.'s Motion for Default Judgment Against Plaintiff/Counter-Defendant and Third-Party Defendant on Bank of America, N.A.'s Counterclaim/Third-Party Claim (Dkt. 29). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 29, 2012, Plaintiff Frank Sanchez filed a this suit to quiet title regarding the property located at 16312 White Rock Boulevard, Prosper, TX 75078 ("the Property"). Defendant Bank of America, N.A. subsequently removed the case to this Court, and, on January 18, 2013, filed its Original Counterclaim Against Plaintiff Frank Sanchez and Third-Party Complaint Against Sandy Jasmina Ponce. *See* Dkt. 15. On September 27, 2013, the Court dismissed all of Plaintiff's claims for failure to state a claim, leaving Defendant's counterclaim and third-party claim as the only live claims in the matter.

1

Defendant's counterclaim and third-party claim assert breach of contract and suit on the note claims under the Note and Deed of Trust for the Property. *See* Dkt. 15. Defendant requests a declaration that the balance of the Note, prejudgment interest, post-judgment interest and costs of court are secured by the Deed of Trust and a declaration that Defendant may foreclose on the Property pursuant to the Note and the Deed of Trust. Defendant's counterclaim also seeks a recovery of its attorneys' fees and costs.

According to the record, Plaintiff Sanchez was electronically served with the counterclaim, through counsel, on January 18, 2013, and, Sandy Jasmina Ponce was personally served by a private process server on March 6, 2013 with the third-party claim against her. *See* Dkt. 17.

No answer was timely filed by either Sanchez or Ponce. On May 7, 2013, a Clerk's Entry of Default was issued for Sandy Jasmina Ponce, and, on July 27, 2013, a Clerk's Entry of Default was issued for Frank Sanchez regarding the counterclaim filed against him. *See* Dkts. 22 & 28.

On August 14, 2013, Bank of America filed its motion for default judgment. Since the filing of the motion, Sanchez has not filed an answer or taken any action to defend against the counterclaim against him, and Ponce has not appeared in the suit. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Having reviewed the record here, the Court finds that default is appropriate as Sanchez and Ponce have failed to defend the claims against them.

For this reason, the Court finds that Defendant's motion should be GRANTED and final default judgment should be entered in this case as follows:

that it be ORDERED, ADJUDGED, AND DECREED that the material allegations of the Counterclaim/Third-Party Complaint be and are deemed admitted as to Sanchez and Ponce, including but not limited to Bank of America's allegations of breach of contract and suit on a promissory note and, more specifically, Bank of America's allegations that Sanchez and Ponce are in default of that certain Note, dated on or about January 24, 2008, in the original principal amount of $206,116.00 payable to CTX Mortgage Company, LLC (the "Note"), and in breach of the Note and that certain Deed of Trust executed contemporaneously with the Note and recorded among the Official Property Records for Denton County, Texas (the "Security Instrument");

that it be further ORDERED, ADJUDGED, AND DECREED that the following are secured by the Deed of Trust: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;[1]

that it be further ORDERED, ADJUDGED, AND DECREED that Bank of America may proceed with non-judicial foreclosure pursuant to Texas Property Code section 51.002 with respect to Sanchez and Ponce and the real property commonly known as 16312 White Rock Blvd., Prosper, Texas 75078 ("Property"), and more particularly described as follows:

> LOT 17, BLOCK 31, ARTESIA PHASE 1C, AN ADDITION TO DENTON COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET X, PAGE 177, PLAT RECORDS, DENTON COUNTY, TEXAS.

which secured the Note as reflected in the Deed of Trust.

---

[1] Defendant's Motion for Default Judgment only seeks an award of costs. Defendant does not seek default judgment as to attorneys' fees or submit any supporting documentation regarding same; therefore, that claim is considered abandoned.

that it be further ORDERED, ADJUDGED, AND DECREED that Bank of America have and recover of and from Sanchez and Ponce all costs of court expended in this matter as a further obligation owed by Sanchez under the Note and Deed of Trust;

that it be further ORDERED, ADJUDGED, AND DECREED that all writs and processes necessary for the enforcement and execution of this Default Judgment may issue; and

that it be further ORDERED, ADJUDGED, AND DECREED that, all of Plaintiff's claims having previously dismissed, this judgment is final and appealable, all relief not granted herein is denied, and the matter shall be closed on the Court's docket;

### RECOMMENDATION

Therefore, Defendant/Counter-Plaintiff/Third-Party Plaintiff Bank of America, N.A.'s Motion for Default Judgment Against Plaintiff/Counter-Defendant and Third-Party Defendant on Bank of America, N.A.'s Counterclaim/Third-Party Claim (Dkt. 29) should be GRANTED for Defendant, and, all of Plaintiff's claims having previously dismissed, the default judgment should be final and the matter should be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of November, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE